IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER NO. 13 |
| SHADANA T. DAVIS, | : CASE NO. 26-11570 AMC |
| DEBTOR, | : |
| PENNSYLVANIA DEPARTMENT OF REVENUE, | : HEARING DATE AND TIME<br>: July 14, 2026 @ 10:00 a.m. |
| MOVANT, | : |
| V. | : |
| SHADANA T. DAVIS, | : |
| RESPONDENT, | : RELATED TO DOCKET NO. 5 |

**PENNSYLVANIA DEPARTMENT OF REVENUE'S OBJECTION TO DEBTOR'S PROPOSED CHAPTER 13 PLAN**

NOW COMES the Commonwealth of Pennsylvania, Department of Revenue (hereinafter "Department"), by and through its Office of Chief Counsel and Deputy Chief Counsel Jonathan W. Chatham, and files this plan objection as authorized by 11 U.S.C.§ 1324 for the following reasons to wit:

1. This objection is made on the grounds that the Plan does not comply with the provisions of Chapter 13, nor has the Plan been proposed in good faith as required by 11 U.S.C. § 1325(a)(1), and (3). The Debtor's obligation pursuant to 11 U.S.C. § 1322(a)(2), to provide for full payment of all claims entitled to priority under 11 U.S.C. § 507 has not been met, nor has Debtor provided for full payment of the Department's claims entitled to secure status under 11 U.S.C. § 506 as required by 11 U.S.C. § 1325(a)(5).

2. The Department's Proof of Claim, containing a secured tax claim of $4,075.70 and a

priority claim in the amount of $4,148.06 is not specifically treated within the Debtor's proposed Chapter 13 Plan in the proper classification or amounts. The Department's claim is docketed on the claims register and is identified as Docket 1.

3. It is unclear how the Debtor intends to provide for the full payment of the Department's secured claim. The Plan should provide for the full payment of the Department's secured claim along with accrued interest in the amount of seven (7%) percent. It appears that the Debtor(s) may be attempting to avoid the Department's tax lien(s).

   a. If the validity of a lien is in question, a Motion to Determine Secured Status under 11 U.S.C. § 506(a), must be commenced. See; Fed. R. Bankr. P. 4003(d) which provides that "[a] proceeding by the debtor to avoid a lien ... shall be by motion in accordance with Rule 9014." 11 U.S.C. § 506 determines the amount of a secured claim but does not govern the actual allowance or disallowance of a claim.

   b. In order to determine the validity, priority, or extent of a lien or other interest in property, the Debtor is required to commence an adversary proceeding under Fed. R. Bankr. P. 7001(2).

   c. Accordingly, the Debtor cannot on their own determine the secured status of the Department's lien. In re Kressler, 252 B.R. 632 (Bankr.E.D.Pa. 2000).

4. Providing for the full payment of the Department's claim would assist the Court, the Trustee, the Debtor, and the other creditors in determining the viability of the Plan.

5. The Department also objects to the confirmation of Debtor's Plan on the grounds that the Plan is underfunded.

6. Ultimately, the Department must object to the Debtors' instant Plan because it is not proposed in good faith and in compliance with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, the Department respectfully requests this Honorable Court deny confirmation of the Debtors' Proposed Chapter 13 Plan unless and until the Department's Objections have been cured and an amended plan is filed that accounts for the Department's claim(s) in the proper classification and amount.

Respectfully submitted by:

/s/Jonathan W. Chatham
Jonathan W. Chatham
Deputy Chief Counsel
PA Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
PA I.D. # 209683
Phone: 717-783-3673
Facsimile: 717-772-1459